# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHALINI BATTA,<br><br>    Plaintiff,<br><br>v.<br><br>HCL AMERICA, INC.,<br><br>    Defendant. | Civil Action No. 17-5988 (CCC)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a motion by Plaintiff Shalini Batta ("Plaintiff") for leave to amend her Complaint [Dkt. No. 28]. Defendant HCL America, Inc. ("Defendant") opposes Plaintiff's motion [Dkt. No. 29]. For the reasons set forth below, Plaintiff's motion for leave to amend her Complaint [Dkt. No. 28] is **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  On August 10, 2017, Plaintiff—a former employee of Defendant—initiated this action by filing a complaint alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. § 2617 ("FMLA"), and the New Jersey Family and Medical Leave Law, N.J.S.A. §§ 44:11B-1, *et seq.* ("NJFMLL"). Dkt. No. 1. Defendant answered Plaintiff's Complaint on November 6, 2017. Dkt. No. 6. The parties thereafter commenced discovery. During discovery, Plaintiff claims to have learned new facts with respect

to a male, similarly situated colleague receiving a promotion that Plaintiff contends she did not receive due to discriminatory reasons.[1] Dkt. No. 28 at p. 1.

On May 23, 2019, Plaintiff filed the instant motion to amend her complaint to supplement her factual assertions. Dkt. No. 28. At the time Plaintiff filed her motion, the fact discovery deadline in this matter was July 31, 2019. *See* Dkt. No. 27. The fact discovery deadline has since been extended to December 31, 2019. *See* Dkt. No. 39.

## II. DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC*, No. 10–1283, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). Where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed). "Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines

---

[1] Plaintiff's proposed amended complaint also corrects the name of Defendant, which the parties already corrected by filing a stipulation on February 16, 2018 [Dkt. No. 11] and updates the name and address of Plaintiff's counsel. *See* Dkt. No. 28-1.

have expired.'" *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citation omitted).

Defendant contends that the Rule 16 "good cause" standard should apply to Plaintiff's motion because the deadline to amend pleadings as set forth in the initial Pretrial Scheduling Order [Dkt. No. 9, ¶ 16] was May 25, 2018. Dkt. No. 29 at p. 3. Plaintiff, however, counters that only Rule 15 should apply in this case due to the extensions of fact discovery in this matter. Dkt. No. 30 at p. 3. Plaintiff relies on *In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, MDL No. 2415, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015) in support of her position. In *L'Oreal*, the parties disputed whether Rule 16 applied to plaintiffs' motion to amend since the deadline to amend pleadings as set forth in the initial scheduling order had elapsed. *Id.* at *2. The Court concluded that the plaintiffs did not need to show good cause under Rule 16 because the scheduling order had "repeatedly been extended with the involvement and consent of both parties." *Id.* at *3. Furthermore, the Court found "[i]t would be illogical to hold Plaintiffs to an amendment deadline date in a scheduling order that long ago went stale. This is especially so because discovery will again be extended." *Id. See also High 5 Games, LLC v. Marks*, No. 13–7161, 2017 WL 349375, at *3 (D.N.J. Jan. 24, 2017) (". . . [I]t has always been the Court's contemplation that, as in nearly every case, the deadline for the amendment of pleadings should be near the close of fact discovery.")

In this matter, at the time Plaintiff filed her motion on May 23, 2019, the completion date for fact discovery was July 31, 2019 [Dkt. No. 27]. That deadline has since been extended to December 31, 2019 [Dkt. No. 39]. The Court therefore finds the reasoning of *L'Oreal* to be instructive. While the Court acknowledges that it did not explicitly extend the deadline for Plaintiff to file a motion to amend, it would be unreasonable to hold Plaintiff to the initial May 25, 2018

deadline to amend when fact discovery has been on-going in this matter and typically a motion to amend pleadings is near the close of fact discovery. Thus, there is no need for Plaintiff to show good cause under Rule 16 due to the circumstances of this case, and the Court will only apply Rule 15 to Plaintiff's motion.

However, even if the Court were to apply Rule 16, Plaintiff has shown sufficient good cause for seeking to amend after the deadline set forth in the initial scheduling order. "The Court has great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed.R.Civ.P. 16(b)." *Thoman v. Philips Med. Sys.*, No. 04–3698 GEB, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007). Here, Plaintiff maintains that she only learned for a fact that her male, similarly situated colleague Rajat Basu ("Mr. Basu") received a promotion and increase in compensation when he testified as such during his deposition on April 12, 2019. Dkt. No. 30 at p. 4. In opposition, Defendant contends that Plaintiff was well aware of Mr. Basu's promotion as she acknowledged it in her deposition on February 13, 2019 and in her initial Complaint. Dkt. No. 29 at p. 4. Plaintiff, however, counters that she only held a belief that Mr. Basu was promoted, that the emails produced referring to Mr. Basu's role change only described it as "restructuring" or "reorganization" and another witness, Mani Nagasundaram, could not confirm whether Mr. Basu received any change in compensation with respect to his new role; thus, Plaintiff did not learn for a fact that Mr. Basu was promoted until Mr. Basu himself testified to this fact. Dkt. No. 30 at p. 4. Given that the Plaintiff learned the facts surrounding Mr. Basu's promotion and increase in compensation during his deposition in April 2019, the Court is satisfied that Plaintiff exercised reasonable diligence and demonstrates good cause for the amendment to the Complaint.

The Court now turns to Rule 15. Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharm. Inc. v. Mylan Techs. Inc.*, No. 11–220, 2013 WL 936452, at *2 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendant does not assert that Plaintiff's motion results from any bad faith or that it will face any prejudice but argues that Plaintiff has not been diligent. Dkt. No. 29 at p. 4. A court may deny a motion to amend if the movant's delay in seeking the amendment is undue. *Foman,* 371 U.S. at 182. "The mere passage of time does not require that a motion to amend . . . be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). However, if the delay places an unwarranted burden on the court or on the opposing party, then denial based on delay is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In this case, as previously discussed, it appears to the Court that upon the discovery of the information which

forms the basis of Plaintiff's present motion, Plaintiff exercised due diligence and promptly sought to amend. Accordingly, the Court finds that Plaintiff did not unduly delay in moving for the present amendment.

Finally, Defendant challenges Plaintiff's proposed amendments on "futility" grounds. A proposed amendment is considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). Defendant argues that Plaintiff's proposed amendments to correct the name of Defendant and update Plaintiff's counsel information are "futile" because there are other procedural remedies to address those changes. Dkt. No. 29 at pp. 4-5. Defendant, however, does not argue that Plaintiff's amendment to clarify allegations surrounding Mr. Basu's promotion is futile. Considering the Court finds that Plaintiff may proceed with the amendment to clarify allegations concerning Mr. Basu's promotion, the Court finds that it would not be futile, but rather appropriate, to also correct the name of Defendant and update counsel's information.

Based upon the foregoing, Plaintiff's request for leave to amend her Complaint [Dkt. No. 28] is **GRANTED**.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **17th** day of **December, 2019**,

**ORDERED** that Plaintiff's motion for leave to amend her complaint [Dkt. No. 28] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file and serve her Amended Complaint within **fourteen (14) days** from the date of this Order.

                s/ James B. Clark, III
               **JAMES B. CLARK, III**
               **United States Magistrate Judge**